IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE WASHINGTON SR.  #173868 | * | |
| Petitioner | | |
| v. | * | CIVIL ACTION NO. DKC-05-878 |
| WILLIAM WILLIAMS, et al. | * | |
| Respondents. | | |
| | ****** | |

**<u>MEMORANDUM</u>**

Subsequent to a bench trial conducted before Prince George's Circuit Court Judge Audrey E. Melbourne in July of 1984, Petitioner was found guilty of one count of child abuse in *State v. Washington*, CT-84-179, and two counts of child abuse and two counts of second degree rape in *State v. Washington*, CT-84-80.  Paper No. 5, Ex. 1.  On September 6, 1984, Judge Melbourne sentenced Petitioner to a 15-year term on the conviction for child abuse in *State v. Washington*, CT-84-179, and a cumulative 30-year term in *State v. Washington*, CT-84-80.[1]  *Id*.  The convictions were affirmed by the Court of Special Appeals of Maryland.  *Id*., Ex. 2.  On October 1, 1985, the Court of Appeals of Maryland denied the petition for writ of certiorari.  *Id*., Exs. 1-3.

According to the certified docket presented to the court, Petitioner filed petitions for post conviction review in December of 1985, November of 1988, January of 1989, and May of 1995.  *Id*., Ex. 1.  The petitions were denied in March of 1986, April of 1989, and October of 1995.  *Id*.  On December 29, 2003, Petitioner filed a motion to re-open post-conviction proceedings.  On April 20, 2004, Prince

---

[1]  Two 15-year terms imposed as to Counts 1 and 2 in *State v. Washington*, CT-84-80, were to be served consecutive to the 15-year term imposed in *State v. Washington*, CT-84-179.

George's Circuit Court Judge Steven I. Platt denied the motion. *Id*. On September 17, 2004, the Court of Special Appeals of Maryland denied Petitioner's appeal. *Id*., Ex. 4. The Court of Special Appeals mandate was issued on October 18, 2004. *Id*.

The instant 28 U.S.C. § 2254 Petition, challenging the convictions for child abuse and second degree rape, was received for filing on March 30, 2005. Petitioner claims that: trial counsel was ineffective; the prosecutor failed to preserve evidence prior to his direct appeal; certain witnesses were not called to testify, while others were not cross-examined; and Petitioner was denied his right to full and adequate hearings. Paper No. 1 at 6.

Respondents were ordered to provide this court a limited show cause response as to the issue of timeliness. On May 19, 2005, Respondents filed an Answer, arguing that the Petition is time-barred. Paper No. 5. Petitioner was afforded the opportunity to file a reply, but has not done so. The Petition may be determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, the Petition shall be denied and dismissed as untimely.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d).[2] Petitioner, who

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

was convicted in 1984, and whose conviction became final in October of 1985, when the Court of Appeals denied certiorari, had one year from the effective date of AEDPA to file his petition in this Court. *See Brown v. Angelone*, 150 F.3d 370, 374-75 (4th Cir. 1998) (one-year grace period for habeas corpus petitioner whose convictions became final prior to April 24, 1996); *see also Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997, for convictions which became final prior to April 24, 1996).

Petitioner had until April 24, 1997, to file this § 2254 Petition. The case was not filed until March 30, 2005, almost eight years after the expiration of the limitation period. Sections 2244(d)(1) & (2) provide for statutory tolling of the limitation period while appellate and post-conviction proceedings are pending. In Petitioner's case, however, no post-conviction proceedings were pending during the time period of April 25, 1996, to December 29, 2003. Therefore, this Petition is not subject to statutory tolling

---

(B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States or removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitation period under § 2254 is, however, additionally subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330.

Petitioner does not mount an equitable tolling argument. He seemingly argues that the one-year limitation period should not apply because it did not exist at the time of his 1984 conviction. Paper No. 1 at 5, § 14. The argument is without merit. The limitation period under § 2244(d)(1) applies prospectively to any § 2254 Petition filed after the enactment of the AEDPA. As this Petition was filed subsequent to April 24, 1996, it is to be decided under amendments to the habeas corpus statutes contained in the AEDPA. *See Woodford v. Garceau*, 123 S.Ct. 1398 (2003); *Beck v. Angelone*, 261 F.3d 377, 380 n.3 (4th Cir. 2001). Consequently, Petitioner is foreclosed from seeking federal habeas corpus relief.

A separate Order shall be entered dismissing this § 2254 action with prejudice.

Date:   June 22, 2005                               /s/
                                                        DEBORAH K. CHASANOW
                                                        United States District Judge